**GLD-156** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3871
_____

LISA MARIE OSTUNI,
  Appellant

v.

WAWA'S MART;
PAULINE COUNTERMAN;
OFFICER PAUL DUFFY;
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-00714)
District Judge: Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2013

Before: FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: March 19, 2013)
_____

OPINION
_____

1

PER CURIAM

Pro Se Appellant Lisa Marie Ostuni, appeals an order of the United States District Court for the Middle District of Pennsylvania denying her motion to extend the time to file an appeal. See Fed. R. App. P. 4(a)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's denial of Ostuni's motion to extend the time to file an appeal for abuse of discretion. See In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 153 (3d Cir. 2005).[1] For the reasons set forth below, we vacate the District Court's denial and remand the case to the District Court for further proceedings.

Ostuni filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. By order entered June 13, 2012, the District Court dismissed Ostuni's complaint with prejudice, except to the extent that her false arrest claim against one of the defendants could be raised if her conviction was overturned or invalidated. The District Court ordered the Clerk to close the case. On July 13, 2012, Ostuni filed a motion for reconsideration, which the District Court denied on July 23, 2012. On September 21, 2012, Ostuni filed a motion for extension of time to appeal.[2] The District Court denied Ostuni's motion for extension by order entered September 27, 2012. The District Court

---

[1] The denial of a Fed. R. App. P. Rule 4(a)(5) motion is a final order for purposes of appeal. See In re Diet Drugs Prods. Liab. Litig., 401 F.3d at 153.

[2] The motion for extension of time appeal does not identify the order she seeks to appeal. For purposes of this opinion, we assume that Ostuni sought an extension of time to file an appeal from the July 23, 2012 order denying her motion for reconsideration. Additionally, the docket entry erroneously identifies Ostuni's motion as a "motion for extension of time to file response."

stated in its order that Ostuni's case was closed and that "any request for an extension of time regarding appellate rights is not properly raised in this Court." Ostuni timely filed a notice of appeal as to the September 27, 2012 order on October 1, 2012.[3]

Rule 4(a)(5) provides that the district court can extend the time to file an appeal if a party "so moves no later than 30 days after the time prescribed by Fed. R. App. P. Rule 4(a)(1)" and shows "excusable neglect or good cause." Here, the order denying Ostuni's motion for reconsideration was entered July 23, 2012. Pursuant to the rule, Ostuni had to file the motion for extension of time to appeal the order denying her motion for reconsideration no later than September 21, 2012. Accordingly, Ostuni's motion for extension of time to file an appeal was timely under Rule 4(a)(5).

As the timeliness of Ostuni's motion for extension of time to file an appeal is not an issue, we turn to whether the District Court properly assessed whether Ostuni showed "excusable neglect or good cause" as required by Rule 4(a)(5). In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993), the Supreme Court articulated the standard for finding excusable neglect in the context of the bankruptcy rules. This Court has applied the Pioneer standard for finding excusable neglect outside of the bankruptcy context, including our specific application of the Pioneer standard when making an excusable neglect determination in the context of a Rule 4(a)(5) motion for extension of time. See In re Diet Drugs, 401 F.3d at 153-54. The determination of whether neglect is

---

[3] Fed. R. App. P. 4(a)(1)(A) requires that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket.

excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395. Pioneer provides four factors to consider when making this equitable determination: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id.

Here, the District Court incorrectly stated that "any request for an extension of time regarding appellate rights is not properly raised in this Court." Rule 4(a)(5) states that "*the district court* may extend the time to file a notice of appeal." (emphasis added). Moreover, the District Court disposed of Ostuni's motion "without an opinion, . . . , and more importantly, without reference to the Pioneer four-factor balancing standard." In re Diet Drugs, 401 F.3d at 154. In doing so, the District Court did not exercise its discretion. Id. We therefore vacate the District Court's denial of Ostuni's motion for extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5), and remand the case to the District Court to analyze whether the neglect at issue in this case was excusable under the Pioneer standard.